# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANLOUISE HALLAL and BRENT ALAN BRIGNER,<br><br>Plaintiffs,<br><br>v.<br><br>EABAL QTIK, et al.,<br><br>Defendants. | Case No. 1:21-cv-00525-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE** |

On March 26, 2021, Plaintiffs JeanLouise Hallal and Brent Alan Brigner ("Plaintiffs"), proceeding *pro se*, filed the complaint in this case against Defendants. (Doc. 1.) On March 31, 2021, the Court directed Plaintiffs to either pay the $402 filing fee or submit applications to proceed *in forma pauperis* pursuant to Title 28 of the United States Code section 1915, within 30 days of the date of service of the order, as Plaintiffs had done neither at the time of the filing of the complaint. (Doc. 2.) When served at Plaintiffs' address of record, the March 31, 2021 order was returned as undeliverable on April 21, 2021.

Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. L.R. 183(b).

The Local Rules also provide that "[f]ailure of counsel or of a party to comply with . . . any

order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R.110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Although more than 63 days have passed since the U.S. Postal Service returned the Court's March 31, 2021 order, Plaintiffs have failed to notify the Court of their current address(es). Apparently, Plaintiffs have abandoned this action. Whether they have done so intentionally or mistakenly is inconsequential. It is Plaintiffs' responsibility to comply with the Court's orders and Local Rules. The Court declines to expend its limited resources on a case that Plaintiffs have chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be DISMISSED without prejudice for Plaintiffs' failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 1, 2021**     /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE